**COLOR NEWSPRINT SERVICE, INC.,
Robert W. Frisch, and William
G. Weinrich, Plaintiffs,**

v.

**Edward J. BRENNER, Commissioner of
Patents, Defendant.
Civ. A. No. 1731–64.**

United States District Court
District of Columbia.
June 29, 1965.

Boris Haskell, Washington, D. C., Joseph Zallen, Boston, Mass., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial April 28, 1965. After considering the evidence presented, together with the briefs the Court accorded counsel an opportunity to file, the Court has found for the defendant, and against the plaintiffs, and will dismiss the Complaint.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is an action under Section 145 of Title 35 of the United States Code in which the plaintiffs, Color Newsprint Service, Inc., Robert W. Frisch, and William G. Weinrich sought to have the Court adjudge that they are entitled to a patent containing claims 1, 2, and 3 of the patent application of Robert W. Frisch, Serial No. 101,444, and to a patent containing claims 1 to 8 of the patent application of Robert W. Frisch and William G. Weinrich, Serial No. 102,729.

2. The patent application of Robert W. Frisch, Serial No. 101,444, is directed to a process of printing comprising the steps of:

    a. printing images and indicia on a web and rerolling it to form a pre-print roll;

    b. feeding the web to a second printing station having a web-contacting cylinder with indicia;

    c. apply retardant pressure on the web at a point intermediate the pre-print roll and the cylinder to provide proper alignment of the printed indicia and the cylinder indicia; and

    d. printing images on the web at the second printing station.

3. The patent application of Robert W. Frisch and William G. Weinrich, Serial No. 102,729, is directed to a rotary press for printing on a pre-printed web, including press driving means, a pair of web-contacting braking rolls, one of which is hard and the other resilient, and a further pair of web-contacting rolls driven in synchronism with the press, one of which synchronizing rolls is hard and the other resilient. The web passes from its feed roll to the braking rolls, then to the synchronizing rolls, and finally to the press. Plaintiffs admit that the essential aspects of the apparatus claims are:

    a. a press driving means,

    b. a pair of braking rolls, and

    c. a pair of synchronizing rolls beyond the braking rolls and connected to the press drive.

4. The Patent Office Board of Appeals affirmed the Examiner's rejection of claims 1, 2, and 3 of Serial No. 101,444 as unpatentable over the method of a United States patent to Waters, No. 2,375,451 (1945) in view of United States patent to Jaeger, No. 1,140,460 (1915), French, No. 2,033,625 (1936), and Kabela et al., No. 2,204,600 (1940). The Board ruled that it would have been obvious to modify the method of Waters to incorporate the teachings of the secondary references.

5. The Patent Office Board of Appeals affirmed the Examiner's rejection of claims 1 to 8 of Serial No. 102,729 as unpatentable over the Waters patent in view of United States patents to Stobb, No. 2,-899,199 (1959), O'Connell, No. 2,344,720 (1944), and Barber No. 2,448,292 (1948). The Board ruled as it did above, that it would have been obvious to modify the method of Waters to incorporate the teachings of the cited secondary references.

6. The Waters patent, No. 2,375,451, shows an apparatus for performing an operation in registry with printed material on a previously printed web which includes means to vary automatically the tension on the web to stretch it to a

greater or less degree to compensate for variations in web length. In Waters, the web is passed from a supply roll between pairs of feed rolls and thence to work-performing rolls, which, Waters states, may be printing, embossing, or die cutting rolls. A lamina may be adhesively secured at the same time to the web, but Waters states that his invention is equally applicable to a single ply web. Waters automatically controls registration of the printing or other operation with the previously printed material by means of (a) an electric eye which senses printed indicia on the web and delivers impulses to an amplifier, (b) a rotary switch driven in synchronism with the printing roll, also delivering impulses to the amplifier, and (c) a motor responsive to pulses received from the amplifier driving a brake on the shaft of the web supply roll. If the pulses are not in synchronism, the brake causes more or less stretching in the web to bring the pre-printed material on the web into registration with the printing, embossing, or die cutting operaation. The drawings in Figure 5 of Waters show representations of gears on the feed rolls intermeshing with gears of the driving mechanism for the apparatus and would suggest to one skilled in the art that the feed rolls and the printing, embossing, or die cutting rolls are driven from the same source. The structure is further suggested because corresponding rolls in Waters patent, No. 2,164,436, mentioned in patent No. 2,375,451, are expressly disclosed as being driven by the same power source as the work performing apparatus.

7. Waters provides for alignment of indicia on the web with a point on his printing, embossing, or die cutting roll.

8. Claims 1, 2, and 3 of application, Serial No. 101,444, fail to specify any use for the indicia on the printing cylinder since they do not call for scanning the cylinder.

9. The patents to French, No. 2,033,-625, Jaeger, No. 1,140,460, and Kabela et al., No. 2,204,600 show devices for applying tension to a web between a web supply roll and a work performing apparatus.

10. In view of the French, Jaeger, and Kabela et al. patents, it would be obvious to those normally skilled in the printing art to apply tension to the web in the Waters device at a point between the supply roll and the printing, embossing, or die-setting rolls instead of applying tension by a braking device on the supply roll.

11. The differences between the subject matter of claims 1, 2, and 3 of application, Serial No. 101,444, and the prior art are such that the subject matter as a whole would have been obvious at the time the claimed subject matter was devised to a person having ordinary skill in the art of devising printing apparatus.

12. The patent to Stobb, No. 2,899,-199, discloses a printing apparatus provided with web-contacting tensioning rolls between the web supply and the printing rolls.

13. In view of the Stobb patent, it would be obvious to those normally skilled in the art to substitute for the Waters braking apparatus a pair of braking rolls between the web supply and the feed rolls.

14. The patents to Barber, No. 2,448,-292, O'Connell, No. 2,344,720, Corlett, No. 2,521,691, and Tomberg, No. 2,994,-968, disclose, respectively, the use of registration indicia associated with a printing roll, the use of cooperating hard and resilient rolls in web-contacting apparatus, web humidifying means to increase the ease of stretching a web, and the use of a direct current dynamic brake for applying retarding force to a web-contacting roll.

15. In view of the Barber, O'Connell, Corlett, and Tomberg patents, it would be obvious to one normally skilled in the art to provide the Waters device with the foregoing features disclosed by those patents.

16. The differences between the subject matter of claims 1 to 8 of patent application, Serial No. 102,729, and the prior art are such that the subject matter

as a whole would have been obvious at the time the claimed subject matter was devised to a person having ordinary skill in the art of devising printing apparatus.

CONCLUSIONS OF LAW

1. Plaintiffs are not entitled to a patent containing any of claims 1, 2, and 3 of application, Serial No. 101,444, nor are they entitled to a patent containing any of claims 1 to 8 of application, Serial No. 102,729.

2. The Complaint should be dismissed.